UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

HOLLY W. BROWN, M.D.     PLAINTIFF
Individually and as Natural Mother of
Clayton Brown and as Administratrix of
the Estate of Kevin Brown and the
Estate of Elizabeth Brown

v.     CIVIL ACTION NO. 3:04-CV-574-S

UNITED STATES OF AMERICA     DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the plaintiff Holly Brown, M.D., individually and as natural mother of Clayton Brown and as administratrix of the estate of Kevin Brown and the estate of Elizabeth Brown ("Brown"), for partial summary judgment (DN 84). The defendant, the United States of America ("United States"), has responded, and Brown has replied.

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is

required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

Brown contends that no genuine issue of material fact exists as to the issue of the United States' liability for the death of her husband and son. In support, Brown has filed an affidavit indicating that neither she nor her family would have crossed the stream which flash flooded and swept her husband and son away had a warning sign been in place.

However, this does not resolve fully the question of liability since there is evidence that Brown and her deceased husband had previously visited Haleakala National Park. Therefore, a genuine issue of fact exists regarding notice to Brown and her deceased husband of the potential dangers posed by the stream. Accordingly, on the briefs before the court, the motion for summary judgment is denied.

For these reasons and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the plaintiff's motion is **DENIED**.

**IT IS SO ORDERED** this